**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 08-10544 |
| Plaintiff - Appellee, | D.C. No. 2:07-CR-00074-EJG-1 |
| v. | |
| MIGUEL KERCHERVAL, | MEMORANDUM [*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Edward J. Garcia, District Judge, Presiding

Submitted October 6, 2009[**]
San Francisco, California

Before: GOODWIN and PAEZ, Circuit Judges, and LEIGHTON,[***] District
Judge.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously finds this case suitable for decision without
oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Ronald B. Leighton, United States District Judge for
the Western District of Washington, sitting by designation.

Defendant Miguel Kercherval ("Defendant") appeals the sentence imposed in his criminal case. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

Defendant asserts that the district court erred in using the 2007 version of the Sentencing Guidelines because Defendant's crimes occurred in 2006. Defendant argues that using the 2007 Sentencing Guidelines violates the ex post facto clause because Defendant's 1997 convictions would have been considered related under the 2006 Sentencing Guidelines, resulting in a reduced sentence. However, Defendant is mistaken. The district court correctly determined that the crimes are unrelated. Therefore, the district court correctly applied the 2007 Sentencing Guidelines.

The district court likewise did not err in concluding that it was not bound by a prior Nevada district court finding that Defendant's 1997 convictions were related. We find no caselaw suggesting that one district court's factual findings at sentencing restricts another district court's discretion at a separate subsequent sentencing. Thus, the district court was not bound to consider the 1997 convictions as related offenses for determining career offender status, and we see no error in the district court's determination.

We agree with Defendant that his December 2007 robbery conviction should not have been included in the career offender determination. However, his two

1997 convictions were sufficient for the district court to determine that Defendant is a career offender. Accordingly, the district court did not err in its determination.

Defendant next argues that the district court erred in imposing an upward departure from the sentencing guidelines based on understated criminal history. Upward departures are reviewed for reasonableness. *United States v. Tankersley*, 537 F.3d 1100, 1113–14 (9th Cir. 2008). Given Defendant's extensive criminal history, we see no error.

Finally, Defendant claims that his counsel was ineffective for failing to request a downward departure for time spent in custody after his 2006 arrest. Ineffective assistance of counsel claims are generally inappropriate on direct appeal unless (1) the record is sufficiently developed to permit review and determination of the issue, or (2) the legal representation is so inadequate that it obviously denies a defendant his Sixth Amendment right to counsel. *United States v. McKenna*, 327 F.3d 830, 845 (9th Cir. 2003). As neither exception applies here, we need not address this claim.

AFFIRMED.